The question is whether it shall be taken to be by tenure or by custom. It seems to me by custom and not by tenure. Yet on the other parts of the declaration the plaintiff ought to have judgment. The plaintiff first alleges a custom in the manor quod quidlibet tenens, etc., and then Smith holds of this manor per fidelitatem sect. cur. et. reddit 5s. this is an uncertainty of service, and when he says further et relevium cum accideritsecundum consuetud. manerii, this refers to the custom before alleged.Relevium, as Bracton defines it, est quaedam praefatio ab haeredibus; it is not due by the successor facta super mortem antecessoris. It is not due by alienation and the lord de communi jure may distrain, and his executor shall have debt. For relief by custom distress is not necessary to be alleged; the books are express on this point. *8 H., 2, title Relief; 13 E., 3, 13; 5 E., 4, 72; 22 Ass., 3; 20 E., 3; T. Avowry, 124; Bracton tenure, 77. In these books no distress is alleged. Yet there is a relief by custom, as by succession, etc., But here it is not a relief, but a fine for alienation; it has only the name of relief. But a relief by custom shall be intended with the same incidents as a relief by tenure. And the question now is whether the fine be by tenure or by custom. And, as I have already said, it is by custom. Yet the plaintiff shall recover in an action on the case in which the right does not come in question. The consideration is not to forbear the distress, but only to forbear suing him per debitum legiscursum; therefore, when he avers that he made it appear to his breathren that it was due, in an action on the case in which the right does not come in question, we shall take it that it is due, and the plaintiff shall have judgment.